IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ELAINE LEFEVRE, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:13-CV-1780-D |
| VS. § | |
| § | |
| CONNEXTIONS, INC., et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this action removed under the Class Action Fairness Act of 2005 ("CAFA"), the question presented is whether the case should be remanded under CAFA's local controversy exception, 28 U.S.C. § 1332(d)(4)(A). Concluding on the basis of plaintiffs' state-court amended petition that plaintiffs have failed to prove that the local controversy exception applies, the court denies the motion to remand.

I

Plaintiffs filed this suit in Texas state court on behalf of themselves and all others similarly situated. In their amended petition, they allege claims against defendants Connextions, Inc. ("Connextions") and Ayava Staffing Professionals, Ltd. ("Ayava") for (1) breach of contract, (2) promissory estoppel, (3) common law wages, (4) account stated, (5) quantum meruit, and (6) unjust enrichment. They also assert claims against Connextions and

Ayava, as well as Stephen Chauharjasingh ("Chauharjasingh")[1] and Patrick Kerl ("Kerl"),[2] for fraud and conspiracy to commit fraud. According to plaintiffs, "Ayava recruited Plaintiffs and the Plaintiff Class to work for Connextions," Am. Pet. ¶ 25, "Plaintiffs and the Plaintiff Class worked for Connextions and Ayava," *id.* at ¶ 24,[3] and Ayava and Connextions told them that they would earn between $17.00 and $25.00 per hour, as a combination of hourly wages, sales commissions, and performance bonuses, but in reality they were paid "nowhere near" that amount. *Id.* at ¶¶ 28-34. Plaintiffs assert that they only received hourly wages and were never paid commissions on the sales of two specific drug plans. *Id.* at ¶ 33. Connextions removed the case to this court under CAFA. Plaintiffs move to remand under CAFA's local controversy exception.

II

Under certain conditions, a district court has subject matter jurisdiction under CAFA to adjudicate a class action, even when there is only minimal diversity of citizenship. *See, e.g., DT Apartment Grp., LP v. CWCapital, LLC*, 2012 WL 1555450, at *3 (N.D. Tex. May

---

[1]Chauharjasingh is the trainer for all of Connextions' sales agents.

[2]Kerl is the Operations Manager of Connextions' account with one of the insurance carriers that has purchased insurance products from Connextions.

[3]As will be discussed *infra*, the parties dispute the coherence of these allegations. According to defendants, the allegations are inconsistent because plaintiffs allege that they "worked for Connextions *and* Ayava" but also allege that Ayava recruited them "to work for Connextions" and that "Connextions hired plaintiffs for employment." Ds. Resp. 3-5 (referring to Am. Pet. ¶¶ 24-26) (emphasis added). Defendants argue that Ayava is nothing more than a recruiting organization, and that Ayava did not hire, purport to hire, or have the authority to hire any of the plaintiffs. *See id.* at 3-5; 10-14.

3, 2012) (Fitzwater, C.J.) (citing *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011) (per curiam) & 28 U.S.C. § 1332(d)(2)); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 810 (5th Cir. 2007) (describing statutory background of CAFA).  Under the local controversy exception of CAFA, however,[4]

> (4) A district court shall decline to exercise jurisdiction under paragraph (2)—
>
> (A)(i) over a class action in which—
>
>> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>>
>> (II) at least 1 defendant is a defendant—
>>
>>> (aa) from whom significant relief is sought by members of the plaintiff class;
>>>
>>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>>>
>>> (cc) who is a citizen of the State in which the action was originally filed; and
>>
>> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

---

[4]Plaintiffs rely on the local controversy exception of § 1332(d)(4)(A) as the basis for their motion to remand.  The home state exception found in § 1332(d)(4)(B) is not at issue.

28 U.S.C. § 1332(d)(4)(A)(i)-(ii). "The parties moving for remand bear the burden of proof that they fall within an exception to CAFA jurisdiction." *Williams v. Homeland Ins. Co. of N.Y.*, 657 F.3d 287, 290 (5th Cir. 2011) (citations omitted); *see also Hollinger*, 654 F.3d at 571 ("[T]he party objecting to CAFA jurisdiction must prove that the CAFA exception[] to federal jurisdiction divests the district court of subject matter jurisdiction."); *Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 546 (5th Cir. 2006) ("We hold that plaintiffs have the burden to show the applicability of the §§ 1332(d)(3)-(5) exceptions when jurisdiction turns on their application.").[5] If plaintiffs fail to prove any of the essential elements of the local controversy exception, the case must remain in federal court. *See Williams*, 657 F.3d at 291.

The parties focus on § 1332(d)(4)(A)(i)(II)(aa) and (bb)[6] and whether Ayava is a "significant defendant."[7] Subsections (aa) and (bb) combine to form the "significant

---

[5]Plaintiffs appear to argue that defendants have the burden of proof on this motion. *See* Ps. Mot. 4. The court disagrees. Although the removing party has the burden of proving the court's jurisdiction under 28 U.S.C. § 1332(d)(2), defendants have met that burden, and plaintiffs do not argue that removal was improper due to a failure to establish any of the elements of § 1332(d)(2). Instead, plaintiffs as "[t]he part[ies] seeking to invoke an exception bear[] the burden of proving by a preponderance of the evidence that the exception applies." *Vodenichar v. Halcón Energy Props., Inc.*, 733 F.3d 497, 503 (3d Cir. 2013) (citing *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 153-54 (3d Cir. 2009)); *see also Williams*, 657 F.3d at 290; *Hollinger*, 654 F.3d at 571; *Frazier*, 455 F.3d at 546.

[6]There does not appear to be disagreement about whether the conditions in § 1332(d)(4)(A)(i)(I) and (III) and in § 1332(d)(4)(A)(ii) are satisfied.

[7]Plaintiffs assert that there are "two local Defendants." Ps. Mot. 7. The second local defendant is presumably Kerl, but plaintiffs do not contend that Kerl is a significant defendant within the meaning of CAFA. *See* Ps. Reply 10-11. The other defendants are Connextions, which is incorporated, headquartered, and has its principal place of business in Florida, *see* Not. of Removal ¶¶ 16-19, and Chauharjasingh, who is a citizen of Florida, *id.* at ¶ 20. Accordingly, plaintiffs' motion turns on whether Ayava is a significant

defendant" elements of the local controversy exception. *See* William B. Rubenstein, 2 *Newberg on Class Actions* § 6:20 (5th ed. 2013) ("The 'significant defendant' definition . . . turns on the phrases 'significant relief' and 'significant basis,' neither of which the statute defines."). To prove that Ayava is a significant defendant, plaintiffs must show that, in addition to being a citizen of the state in which the action was originally filed,[8] Ayava meets two requirements.

First, subsection (aa) requires that Ayava be one "from whom *significant relief* is sought by members of the plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa) (emphasis added). The Fifth Circuit has not defined the meaning of "significant relief." *See Opelousas Gen. Trust Auth. v. Multiplan, Inc.*, ___ Fed. Appx. ___, 2013 WL 3245169, at *2 (5th Cir. June 28, 2013) (per curiam) ("We have yet to fully explore the meaning of 'significant relief' in this context." (quoting § 1332(d)(4)(A)(i)(II)(aa)) (granting petition for leave to appeal the remand order). Courts generally look to whether "the relief sought against that defendant is a significant portion of the entire relief sought." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1167 (11th Cir. 2006).[9]

---

defendant.

[8]This requirement is established by § 1332(d)(4)(A)(i)(II)(cc).

[9]Some courts—including a member of this court—have held that the district court must also assess the local defendant's ability to pay a potential judgment. *See, e.g., Aburto v. Midland Credit Mgmt., Inc.*, 2009 WL 2252518, at *5 (N.D. Tex. July 27, 2009) (Kinkeade, J.); *see also Joseph v. Unitrin, Inc.*, 2008 WL 3822938, at *7 (E.D. Tex. Aug. 12, 2008); *Robinson v. Cheetah Transp.*, 2006 WL 468820, at *3 (W.D. La. Feb. 27, 2006). But other courts have held that it is irrelevant whether the local defendant can pay an adverse judgment. *See, e.g., Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1244-45

Second, subsection (bb) requires that Ayava be one "whose alleged conduct forms a *significant basis* for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb) (emphasis added). "Th[is] provision does not require that the local defendant's alleged conduct form a basis of each claim asserted; it requires the alleged conduct to form a significant basis of all the claims asserted." *Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc.*, 655 F.3d 358, 361 (5th Cir. 2011) (per curiam) (quoting *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 156 (3d Cir. 2009)). When analyzing this question, courts generally compare the local defendant's alleged conduct to the alleged conduct of the other defendants. *See, e.g., Kaufman*, 561 F.3d at 156 ("In relating the local defendant's alleged conduct to all the claims asserted in the action, the significant basis provision effectively calls for comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants.").[10]

---

(10th Cir. 2009); *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1015 (9th Cir. 2011) (noting agreement with *Coffey* on whether defendant's financial viability is relevant in analyzing significant relief prong).

[10]In *Kaufman* the Third Circuit listed nine factors that were potentially relevant to the comparative analysis:

> By way of example, the District Court could, on remand, inform its comparison of the local defendant's alleged conduct to the alleged conduct of all the Defendants by considering such possible areas of inquiry as: 1) the relative importance of each of the claims to the action; 2) the nature of the claims and issues raised against the local defendant; 3) the nature of the claims and issues raised against all the Defendants; 4) the number of claims that rely on the local defendant's alleged conduct; 5) the number of claims asserted; 6) the identity of the Defendants; 7)

Plaintiffs maintain that Ayava is a significant defendant because it satisfies the requirements of subsections (aa) and (bb). Plaintiffs posit that (aa) is satisfied because plaintiffs seek the same relief from all defendants, and (bb) is satisfied because Ayava's conduct is integral to their claims against Ayava and Connextions. Defendants respond that Ayava is not a significant defendant because it is a small family-owned limited partnership business that had a relatively minor role, if any, in hiring plaintiffs, and plaintiffs are not seeking significant relief from Ayava since only a small percentage of the putative class members can potentially recover against Ayava.

III

The court turns first to a threshold procedural question: whether in deciding plaintiffs' motion the court can consider extrinsic evidence or is confined to plaintiffs' state-court pleading. Plaintiffs contend that the court should consider only the allegations of their amended petition, not extrinsic evidence.[11] Defendants argue that the court can consider extrinsic proof, and they urge the court to consider summary judgment-type evidence, such

---

whether the Defendants are related; 8) the number of members of the putative classes asserting claims that rely on the local defendant's alleged conduct; and 9) the approximate number of members in the putative classes.

*Kaufman*, 561 F.3d at 157 n.13. Other courts have followed this approach, and these nine factors are sometimes referred to as the "*Kaufman* factors." *See, e.g., City of O'Fallon, Mo. v. CenturyLink, Inc.*, 930 F.Supp.2d 1035, 1046-49 (E.D. Mo. 2013).

[11]Plaintiffs argue that, even if the court can consider extrinsic evidence, their motion should still be granted. The court need not reach these arguments.

as affidavits or declarations.[12]

The Fifth Circuit has not decided whether the district court can look beyond the complaint to decide whether subsections (aa) and (bb) are satisfied. In *Opelousas General Hospital Authority* the panel declined to address this question because it had not been raised in the district court. *See Opelousas Gen. Hosp. Auth.*, 655 F.3d at 361 ("Whatever the merits of that argument, [plaintiff] did not object to the use of extrinsic evidence before the district court and in fact requested discovery and relied on the results of its own discovery as well as the affidavits submitted by the defendants to establish the local controversy exception. We do not consider arguments on appeal not presented to the district court."). Other courts have addressed the issue, but the law remains unsettled.[13] Because plaintiffs maintain that the court should consider only their state-court pleading, and because they have failed on this

---

[12]For this proposition, defendants cite *I.D. Technology, LLC v. Paul Leibinger Numbering, Machine Limited Partnership*, 2013 WL 105361, at *1 (N.D. Tex. Jan. 8, 2013) (Boyle, J.) (citing *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (per curiam)), neither of which addresses a CAFA exception. *I.D. Technology* deals with the time limit imposed by 28 U.S.C. § 1446(b), and *White* concerns the amount-in-controversy requirements of 28 U.S.C. § 1332.

[13]*See, e.g., Coleman*, 631 F.3d at 1019 ("Federal courts have disagreed on the question whether a district court may look only to the complaint in determining whether the criteria of subsections (aa) and (bb) have been satisfied."); *compare, e.g., id.* at 1015 ("We hold that CAFA's language unambiguously directs the district court to look only to the complaint in deciding whether the criteria set forth in § 1332(d)(4)(A)(i)(II)(aa) and (bb) are satisfied."); *Coffey*, 581 F.3d at 1245 (holding that the district court may look only to the complaint in addressing subsection (aa)); *with Evans*, 449 F.3d at 1167-68 (considering extrinsic evidence in addressing subsection (bb)); *Alig v. Quicken Loans, Inc.*, 902 F.Supp.2d 789, 794 (N.D. W. Va. 2012); *Green v. SuperShuttle Int'l, Inc.*, 2010 WL 419964, at *3 (D. Minn. Jan. 29, 2010); *Kurth v. Arcelormittal USA, Inc.*, 2009 WL 3346588, at *10-12 (N.D. Ind. Oct. 14, 2009); *Casey v. Int'l Paper Co.*, 2008 WL 8854569, at *6-7 (N.D. Fla. Jan. 7, 2008).

basis to meet their burden of proving that the local controversy exception applies, the court need not decide whether it is proper to consider extrinsic evidence. The court will consider only plaintiffs' state-court amended petition and apply the approach of the Fifth Circuit in *Opelousas General Hospital Authority*.

IV

Turning to the merits of the remand motion, the court must first decide under subsection (aa) whether plaintiffs seek significant relief from Ayava. The amended petition seeks damages equally from Ayava and the other defendants. *See* Am. Pet. ¶¶ 110-13. Although Ayava appears to be a "limited partnership" whereas Connextions is a corporation, this is not sufficient of itself to raise an inference that Ayava is merely a nominal defendant, or that Ayava has so few assets that plaintiffs are not seeking significant monetary relief from it. *See Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1020 (9th Cir. 2011) (holding that complaint satisfied subsection (aa) for same reasons). And while, as defendants contend, Ayava may in fact be a small family-owned business that only had a minor role in recruiting a small percentage of the plaintiff class, this is not evident from the amended petition. Accordingly, the court holds that plaintiffs have satisfied subsection (aa) by showing that Ayava is a local defendant from whom significant relief is sought by members of the plaintiff class. *See, e.g., Flores v. Chevron Corp.*, 2011 WL 2160420, at *4 (C.D. Cal. May 31, 2011) (holding that plaintiffs satisfied local controversy exception, in part because plaintiffs sought damages equally from local and non-local defendants).

V

Plaintiffs must also prove by a preponderance of the evidence that they satisfy subsection (bb): that the alleged conduct of Ayava "forms a significant basis for the claims asserted by the proposed plaintiff class."

In *Opelousas General Hospital Authority* the Fifth Circuit held that the plaintiff failed to satisfy subsection (bb) because its complaint contained no information about the conduct of the local defendant relative to the conduct of the other defendants as it related to the claims of the putative class or even the lead plaintiff. *Opelousas Gen. Hosp. Auth.*, 655 F.3d at 361. It therefore concluded that the plaintiff "failed to establish that [the local defendant's] conduct form[ed] a significant basis for the claims asserted." *Id.*

Unlike the complaint in *Opelousas General Hospital Authority*, plaintiffs' amended petition *does* include allegations that distinguish the conduct of Ayava from that of the other defendants. For example, the amended petition alleges that "Ayava recruited Plaintiffs and the Plaintiff Class to work for Connextions," suggesting that Ayava was a recruiting organization whereas Connextions was the actual employer. *See* Am. Pet. ¶ 25. Bolstering this inference is the allegation that "Connextions hired Plaintiffs and the Plaintiff Class to sell insurance products," without mentioning that Ayava ever hired any of the plaintiffs to sell insurance products. *Id.* at ¶ 26. These distinctions, however, are insufficient to prove by a preponderance of the evidence that Ayava is a significant defendant under subsection (bb). In fact, the distinguishing conduct—that Ayava recruited plaintiffs to work for Connextions—cuts *against* the finding that Ayava is a significant defendant. The allegations

suggest instead that Ayava was merely a recruiting agency that did not itself hire or purport to hire any of the plaintiffs. The amended petition does include the conclusory allegation that "Plaintiffs and the Plaintiff Class worked for Connextions and Ayava." *Id.* at ¶ 24. But the amended petition does *not* allege that Ayava hired any plaintiff or that plaintiffs ever sold any products for Ayava. To the contrary, the amended petition asserts that "Connextions hired Plaintiffs and the Plaintiff Class," *id.* at ¶ 26, and that plaintiffs were "involved in selling insurance products *for* Connextions," *id.* at ¶ 27 (emphasis added). The fact that the amended petition explicitly alleges that "Ayava recruited Plaintiffs and the Plaintiff Class to work *for* Connextions," *id.* at ¶ 25, further strengthens the inference that Ayava was a recruiting agency that did not itself hire or purport to hire any plaintiff.

Three other aspects of the amended petition reinforce this conclusion. First, the full name of Ayava is "Ayava Staffing Professionals," and the amended petition alleges that Ayava "is a limited partnership," suggesting that Ayava is a small recruiting agency and nothing more. *Id.* at ¶ 16. Second, the amended petition names two individuals—Chauharjasingh and Kerl—as defendants for claims VII and VIII. *Id.* at ¶¶ 71-88. Other than Connextions and Ayava, Chauharjasingh and Kerl are the only other defendants named in the amended petition, and both are Connextions employees (Chauharjasingh a sales-agent trainer and Kerl an operations manager for one of the sales accounts). None of Ayava's employees is named as a defendant, which suggests that plaintiffs worked for Connextions, not Ayava. Third, the amended petition asserts with some detail that plaintiffs were selling insurance products for Connextions (not Ayava) "during .

- 11 -

. . an open enrollment period . . . [between] October 15, 2012, [and] December 7, 2012." *Id.* at ¶ 27. There are no similarly detailed allegations about what plaintiffs did for Ayava, again suggesting that Ayava was merely a recruiting agency that referred plaintiffs to Connextions but did not hire or purport to hire any member of the plaintiff class.

Moreover, the vast majority of the allegations in the amended petition do *not* distinguish between the conduct of Ayava, on the one hand, and the conduct of the other defendants, on the other hand. Counts I-VI are alleged against "Ayava and Connextions," but none of the paragraphs describing the counts differentiates between the conduct of Ayava and Connextions. *See* Am. Pet. ¶¶ 40-70. The remaining two counts, VII-VIII, are alleged against "All Defendants," and these counts likewise fail to distinguish Ayava from Connextions, Kerl, or Chauharjasingh. *See id.* at ¶¶ 71-88. Ultimately, most of the amended petition does not distinguish conduct by Ayava from conduct by the other defendants, and, to the extent it does, these distinctions raise the inference that Ayava's conduct does not form a significant basis of the claims asserted since it appears that Ayava was nothing more than a recruiting organization that did not enter into an employment relationship with any of the plaintiffs. *See Opelousas Gen. Hosp. Auth.*, 655 F.3d at 361-62 (holding that plaintiff failed to meet its burden when complaint failed to allege facts sufficient to establish that defendant's conduct formed significant basis of plaintiff's claims); *Johnson v. MFA Petroleum Co.*, 2013 WL 3448075, at *5 (W.D. Mo. July 9, 2013) (holding that plaintiffs failed to meet their burden because complaint did not allege facts showing that local defendant's conduct constituted significant part of conduct complained of); *Stephenson v.*

*Standard Ins. Co.*, 2013 WL 3146977, at *10 (W.D. Tex. June 18, 2013) (holding that plaintiff did not satisfy significant defendant criteria, in part, because of failure to plead facts sufficient to support its breach-of-contract claim).

Consequently, the court holds that plaintiffs have failed to carry their burden under subsection (bb) because they have not proved by a preponderance of the evidence that Ayava is a local defendant "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." Because plaintiffs have not met their burden of proof as to all the essential elements of the local controversy exception, their motion to remand must be denied.

\* \* \*

For the reasons explained, plaintiffs' motion to remand is denied.[14]

**SO ORDERED.**

December 3, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[14]In view of the court's decision, plaintiffs' June 14, 2013 expedited motion to stay proceedings pending resolution of plaintiffs' motion to remand is denied as moot.

- 13 -