IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ELAINE LEFEVRE, et al.,                          §
                                                 §
                              Plaintiffs,         §
                                                 §   Civil Action No. 3:13-CV-1780-D
VS.                                              §
                                                 §
CONNEXTIONS, INC., et al.,                       §
                                                 §
                              Defendants.         §

MEMORANDUM OPINION
AND ORDER

        In this case removed under the Class Action Fairness Act of 2005, plaintiffs move for

leave to add five plaintiffs and to file a second amended class action complaint.  For the

reasons that follow, the court grants the motions.[1]

I

        Plaintiffs filed this suit in Texas state court on behalf of themselves and all others

similarly situated.  In their first amended state-court petition, they allege claims against

defendants Connextions, Inc. ("Connextions") and Ayava Staffing Professionals, Ltd.

("Ayava") for breach of contract, promissory estoppel, common law wages, account stated,

quantum meruit, and unjust enrichment.  They also assert claims against Connextions and

Ayava, as well as Stephen Chauharjasingh ("Chauharjasingh") and Patrick Kerl ("Kerl"), for

_____

        [1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written
opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[]
issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."
It has been written, however, primarily for the parties, to decide issues presented in this case,
and not for publication in an official reporter, and should be understood accordingly

fraud and conspiracy to commit fraud.

On June 27, 2013 the court entered the scheduling order, setting an August 15, 2013 deadline for filing a motion for leave to join other parties and a September 13, 2013 deadline for filing a motion for leave to amend pleadings.  Plaintiffs timely filed on August 15, 2013 the instant motion for leave to add plaintiffs and timely filed on September 12, 2013 the instant motion for leave to amend.  Before plaintiffs filed their motions, Connexions, Chauharjasingh, and Kerl filed a motion for judgment on the pleadings, and Ayava filed a motion for dismissal and/or judgment on the pleadings.  Defendants oppose plaintiffs' motions.[2]

## II

Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."  "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."  *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)).  When, as here, "a party files a motion for leave to amend by the court-ordered deadline, there is a 'presumption of timeliness.'"  *Pyramid Transp., Inc. v. Greatwide Dall. Mavis, LLC*, 2012 WL 5875603, at *2 (N.D. Tex.

---

[2]Ayava opposes both motions.  Connexions, Chauharjasingh, and Kerl have responded only in opposition to plaintiffs' motion for leave to amend.

Ayava argues that plaintiffs' motion to add named plaintiffs is procedurally defective because it does not include a certificate of conference, a separate brief, and a proposed form of amended complaint.  Without suggesting that the court approves of noncompliance with its local rules, it declines to deny plaintiffs' motion on these grounds.

Nov. 21, 2012) (Fitzwater, C.J.) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)). "Granting leave to amend . . . 'is by no means automatic.'" *Hoffman v. L&M Arts*, 2012 WL 4321739, at *4 (N.D. Tex. Sept. 21, 2012) (Fitzwater, C.J.) (quoting *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (internal quotation marks omitted)). In deciding whether to grant leave to amend, "[t]he court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id*.

## III

The court concludes that the relevant factors do not support denying leave to amend. Defendants' only argument is that allowing amendment would be futile because plaintiffs' proposed second amended complaint does not cure the deficiencies identified in defendants' pending motions for judgment on the pleadings and for dismissal and/or judgment on the pleadings. Defendants' assertions about whether plaintiffs can prove certain claims are better addressed in the context of a Rule 12(b)(6), Rule 12(c), or Rule 56 motion. As this court has often explained,

> the court's almost unvarying practice . . . is to address the merits of [a] claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Hoffman*, 2012 WL 4321739, at *5 (quoting *Garcia*, 2006 WL 298156, at *1) (internal

citation and quotations omitted).  Nor have defendants shown undue delay or bad faith.  And they have not demonstrated that they will be unfairly prejudiced by amendment.  For instance, if the amended pleading does not cure the deficiencies they have identified in their motions for judgment on the pleadings and for dismissal and/or judgment on the pleadings, they are free to move anew for this relief.

*   *   *

For the reasons explained, the court grants plaintiffs' August 15, 2013 motion for leave to add named plaintiffs and their September 12, 2013 motion for leave to amend.  Plaintiffs must file their second amended class action complaint—electronically or on paper—within seven days of the date this memorandum opinion and order is filed.  In view of the court's decision, the June 14, 2013 motion of Connexions, Chauharjasingh, and Kerl for judgment on the pleadings and the June 14, 2013 motion of Ayava for dismissal and/or judgment on the pleadings are denied without prejudice as moot.

**SO ORDERED.**

January 8, 2014.

SIDNEY A. FITZWATER
CHIEF JUDGE