IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ELAINE LEFEVRE, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:13-CV-1780-D |
| VS. § | |
| § | |
| CONNEXTIONS, INC., et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this case removed under the Class Action Fairness Act of 2005 ("CAFA"), defendants move to strike plaintiffs' second amended class action complaint ("SAC"), argue that plaintiffs' first amended class action petition ("FAP") should be deemed the live pleading, and reurge their previously filed motion under Fed. R. Civ. P. 12(c) for judgment on the pleadings. Concluding that the SAC should be stricken, the court grants defendants' motion to strike. The court denies defendants' motion reurging their previously filed motion for judgment on the pleadings because the motion is addressed to the FAP, and the court has granted plaintiffs leave to file their SAC.[1]

I

Plaintiffs filed this suit in Texas state court on behalf of themselves and all others

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

similarly situated, alleging various claims against defendants Connextions, Inc. ("Connextions"), Ayava Staffing Professionals, Ltd. ("Ayava"), Stephen Chauharjasingh ("Chauharjasingh"), and Patrick Kerl ("Kerl").[2] Defendants removed the case to this court under CAFA. Plaintiffs moved to remand under CAFA's local controversy exception.

While plaintiffs' motion to remand was pending, defendants filed a motion under Rule 12(c) for judgment on the pleadings. Plaintiffs subsequently filed a motion for leave to amend and file a SAC. The motion included a proposed second amended class action complaint, which was attached as an exhibit (the "initial proposed SAC"). In a footnote, plaintiffs explained that they were proposing to add five new named plaintiffs and one cause of action.[3] They stated that they were "not amending their factual allegations to avoid any argument by Defendants that Plaintiffs have conceded the inadequacy of their First Amended Petition at the time it was filed in state district court." Ps. 9/12/2013 Mot. 1 n.1. So far as the court can determine, plaintiffs attempted to clarify in this footnote that, although they were moving for leave to amend while their motion to remand was pending, they were not conceding that any aspect of their state court petition was inadequate or otherwise supported the denial of their motion to remand.

In separate memorandum opinion and orders, the court denied plaintiffs' motion to

---

[2] Plaintiffs' claims against Ayava have been dismissed pursuant to a settlement agreement.

[3] The request to add five named plaintiffs actually referred to plaintiffs' earlier, separate motion for leave to add named plaintiffs, which was filed on August 15, 2013.

remand and granted plaintiffs' motion for leave to amend. *Lefevre v. Connextions, Inc.*, 2013 WL 6241732 (N.D. Tex. Dec. 3, 2013) (Fitzwater, C.J.) (denying motion to remand); *Lefevre v. Connextions, Inc.*, 2014 WL 101998 (N.D. Tex. Jan. 8, 2014) (Fitzwater, C.J.) (granting leave to amend). The latter memorandum opinion and order denied without prejudice as moot defendants' then-pending motion for judgment on the pleadings, which was addressed to the FAP. The court noted that "if the amended pleading does not cure the deficiencies [defendants] have identified in their motion[] for judgment on the pleadings . . . they are free to move anew for this relief." *Lefevre*, 2014 WL 101998, at *2. It granted plaintiffs seven days to file a second amended class action complaint.

Before the seven-day window expired, plaintiffs filed an unopposed motion for an extension of time to file the amended complaint. The court granted the motion and extended the deadline by two weeks. On January 29, 2014 plaintiffs filed the SAC. The SAC that plaintiffs filed differed substantially, however, from the proposed pleading that they attached to their motion for leave to amend.

Defendants move to strike the SAC on the ground that plaintiffs violated N.D. Tex. Civ. R. 15.1(b) filing a materially different pleading than the one attached to the motion for leave to amend, and that plaintiffs are effectively circumventing the requirements of Fed. R. Civ. P. 15 and 16. Plaintiffs oppose the motion, contending that neither the local rules nor the Federal Rules of Civil Procedure require that their amended complaint be identical to the one that had been proposed in conjunction with the motion for leave to amend. They also argue that they should be entitled to an opportunity to replead under the federal pleading

standards since the FAP was pleaded to the state pleading standards and the initial proposed SAC did not amend the factual allegations of the FAP.

II

A

"When a party moves to amend his complaint, he must do so in a procedurally proper manner by complying with applicable rules of procedure." *Tealer v. Martinez*, 2005 WL 1214707, at *1 (N.D. Tex. May 23, 2005) (Ramirez, J.). N.D. Tex. Civ. R. 15.1(b)—which addresses motions for leave to amend that are filed by electronic means—provides:

> When a party files by electronic means a motion for leave to file an amended pleading, the party must attach the proposed amended pleading to the motion as an exhibit. If leave is granted, the party must then electronically file the amended pleading, subject to the restrictions and requirements of the ECF Administrative Procedures Manual.

N.D. Tex. Civ. R. 15.1(b). This Rule requires that the movant "include the proposed amended pleading so that the Court can evaluate whether to grant the motion." *Infomart (India), Pvt., Ltd. v. Metrowerks Corp.*, 2005 WL 292433, at *14 (N.D. Tex. Feb. 7, 2005) (Godbey, J.). The court properly denies leave to amend when the movant fails to comply with Rule 15.1. *See, e.g., Tealer*, 2005 WL 1214707, at *1 (citations omitted). The court also has the authority to strike an amended pleading when it differs from the proposed pleading attached to the party's motion to amend. *See, e.g., Jarrett v. Chase Home Fin. LLC*, 2011 WL 913212, at *1 (N.D. Tex. Mar. 15, 2011) (Lynn, J.) (noting that court struck amended pleading because it differed from proposed pleading attached to motion to amend).

B

Defendants argue that plaintiffs' SAC should be stricken because it differs substantially from the initial proposed SAC that was attached to the motion for leave to amend. Plaintiffs respond that Rule 15.1 allows differences between the amended pleading and the initial proposed amended pleading because the Rule states that the party must electronically file "the amended pleading," not "the proposed amended pleading." The court disagrees with plaintiffs' interpretation of Rule 15.1(b).

Although the Rule does not use the words "proposed amended pleading," when read in context, it is clear that the phrase "the amended pleading" refers to the proposed amended pleading that is attached as an exhibit to the motion to amend. Rule 15.1 divides into two parts: Rule 15.1(a), which governs when the motion to amend is filed on paper, and Rule 15.1(b), which governs when the motion is filed by electronic means. If a party files for leave to amend on paper, he must attach a copy of the proposed amended pleading as an exhibit to the motion *and* submit an original and a judge's copy of the proposed pleading. N.D. Tex. Civ. R. 15.1(a). If leave is granted, the clerk of court will file the original of the amended pleading automatically. *Id.* In other words, the movant does not file anything else. Plaintiffs' interpretation of Rule 15.1(b), which applies here because they filed their motion for leave to amend by electronic means, would create an asymmetry in Rule 15.1, because it would mean that a plaintiff who moves to amend by electronic means would have the opportunity to change his proposed amended pleading, while a plaintiff who moves to amend on paper would not. The Rule plainly does not contemplate such disparate results based

simply on whether the filing is made on paper or by electronic means.

Moreover, plaintiffs' interpretation of Rule 15.1(b) would undermine the clear purposes of the Rule. The requirement that the movant attach a copy of the proposed pleading as an attachment to the motion to amend ensures that (1) the nonmovant can evaluate the proposed pleading in order to decide whether to oppose the motion and (2) the court can evaluate the proposed pleading in order to decide whether to grant leave. Allowing a movant to file an amended pleading that differs from the proposed amended pleading would upset an important reliance interest on the part of the nonmovant, since the nonmovant would have made the decision whether to oppose amendment on the basis of incorrect information. Similarly, a court deciding whether to grant leave to amend under Fed. R. Civ. P. 15 or 16 might decide to grant leave based on certain factors that would, if applied to the amended pleading as filed, compel the conclusion that leave should not have been granted.

Because Rule 15.1(b) requires that the amended pleading be the one attached to the motion to amend, and since it is undisputed that plaintiffs' SAC differs from the initial proposed SAC, the court grants defendants' motion to strike the SAC.[4] Plaintiffs must file

---

[4]A pending amendment to Rule 15.1(b) supports the court's interpretation of the Rule. On March 3, 2014 the court adopted certain amendments to the local civil rules, one of which amended Rule 15.1(b). *See* Special Order No. 2-82 (Mar. 3, 2014) (per Fitzwater, C.J.). The amended Rule, which will take effect on September 2, 2014 if not revised after receipt of comment, provides:

> When Filed by Electronic Means. When a party files by electronic means a motion for leave to file an amended pleading, the party must attach the proposed amended pleading to the motion as an exhibit. If leave is granted, <u>the amended pleading</u>

their SAC—electronically or on paper—within seven days of the date this memorandum opinion and order is filed.

In light of the foregoing, plaintiffs' March 4, 2014 motion to supplement evidence and plaintiffs' March 19, 2014 request to remove named plaintiff as erroneously included in second amended complaint are denied as moot.

### III

Defendants reurge their previously filed Rule 12(c) motion. They argue that, because the SAC has been stricken, the FAP is the live pleading in this lawsuit. Defendants posit that their previously filed motion for judgment on the pleadings, which the court denied without prejudice as moot when it granted plaintiffs leave to amend, *see Lefevre*, 2014 WL 101998, at *2, is no longer moot, and that the FAP fails to state a claim on which relief can be granted.

The court denies defendants' reurged Rule 12(c) motion because it is addressed to

---

will be deemed filed as of the date of the order granting leave, or as otherwise specified by the presiding judge, and the clerk will file a copy of the amended pleading ~~the party must then electronically file the amended pleading, subject to the restrictions and requirements of the ECF Administrative Procedures Manual~~.

Proposed Amended Rule 15.1(b) (bold font omitted; new material underlined; deleted material stricken out). This amendment confirms the meaning of the existing Rule because it simply shifts from the filing party to the clerk of court the responsibility for filing the proposed amended pleading if leave is granted. In both instances—under the current Rule and under the Rule as amended—what is filed is the proposed amended pleading that is attached to the motion for leave.

plaintiffs' FAP, and the court has granted plaintiffs leave to file their SAC. Even if the court allowed defendants to reurge their motion and ruled in their favor concerning the FAP, it would give plaintiffs an opportunity to replead under the federal pleading standards. *See, e.g., Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 849 (N.D. Tex. 2011) (Fitzwater, C.J.). Accordingly, the court denies defendants' motion reurging their previously filed Rule 12(c) motion for judgment on the pleadings.

IV

For purposes of reducing the costs of this litigation and in the interest of justice, the court suggests what it considers to be appropriate alternative procedures following the filing of the SAC.

Once the SAC is filed, defendants are entitled to file a responsive pleading, including a motion for judgment on the pleadings, addressed to the SAC. Plaintiffs have already indicated in their briefing, however, that they desire to amend the SAC that the court is permitting them to file. Even if defendants file, and the court grants, a motion for judgment on the pleadings addressed to the SAC, it would in these circumstances likely permit plaintiffs to replead yet again. Accordingly, in the interests of efficiency and justice, the court suggests that the parties consider the following alternative procedures: (1) entering into an agreed order under which plaintiffs would be permitted to file a third amended complaint as to which defendants could move anew for dismissal or judgment on the pleadings, or (2) defendants' filing a motion for judgment on the pleadings addressed to the newly-filed SAC, plaintiffs' filing a response to the motion that does nothing more than acknowledge that the

motion should be granted and request leave to file a third amended complaint, and the court's entering an order granting both the motion for judgment on the pleadings and the request for leave to file a third amended complaint. Under either alternative, plaintiffs will be given a fair opportunity to plead under the federal pleading standards (assuming *arguendo* that they can) one or more claims on which relief can be granted, defendants will be able to seek judgment on the pleadings as a matter of law, and undue cost and delay will be avoided in addressing defendants' challenge to the adequacy of plaintiffs' pleadings.

\* \* \*

For the reasons explained, defendants' February 13, 2014 motion to strike plaintiffs' SAC is granted, defendants' February 13, 2014 motion reurging their previously filed motion for judgment on the pleadings is denied, and plaintiffs' March 4, 2014 motion to supplement evidence and plaintiffs' March 19, 2014 request to remove named plaintiff as erroneously included in the SAC are denied as moot.

**SO ORDERED.**

April 10, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE